1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNNE F.

                            Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

CASE NO. C20-5597-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1962.[1] Plaintiff has limited education and previously worked as a membership solicitor, receptionist, auto parts counter person, and nurse aid. AR 28. Plaintiff

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

filed an application for DIB on August 24, 2017, alleging disability beginning May 23, 2014. AR 232–33. The applications were denied at the initial level and on reconsideration. On March 28, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 61–109. At the hearing, Plaintiff amended the alleged onset date to November 1, 2015.[2] AR 67. On May 24, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 16–30. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on April 16, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

---

[2] Plaintiff previously filed a disability claim and received an unfavorable ALJ decision dated March 25, 2016. Under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), the ALJ considered the period from March 26, 2016, the day after the prior ALJ decision, through May 24, 2019, the date of the ALJ decision in this matter. AR 16. The parties do not dispute that the ALJ accurately considered the issue of disability since March 26, 2016. Dkt. 28, at 2; Dkt. 32, at 2.

ORDER
PAGE - 2

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.[3] *See* 20 C.F.R. § 405.1520 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 19.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: degenerative joint disc disease of the bilateral knees status-post arthroscopic and total knee replacement surgeries; morbid obesity; hypertension; diabetes melltius; thyroid disorder; cervical spondylosis; right carpel tunnel syndrome status post-release. AR 19. The ALJ also found that the record contained evidence of the following conditions that did not rise to the level of severe impairment: hyperlipidemia; mild calcific tendinitis of the left shoulder; and major depressive disorder. AR 20. The ALJ further found that Plaintiff had a formal diagnosis of fibromyalgia; however, the medical evidence of record does not satisfy the criteria of SSR 12-2p. AR 22.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 22–24.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> The claimant is able to perform work that does not require climbing ladders, ropes, or scaffolds. The claimant is able to occasionally

---

[3] Under *Chavez*, the ALJ applied a presumption of continuing non-disability. AR 17.

ORDER
PAGE - 3

climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. The claimant is able to perform work that does not require exposure to excessive vibration or hazards as defined by the Dictionary of Occupational Titles (DOT). The claimant is able to frequently bilaterally handle, finger, and feel.

AR 24. With that assessment, the ALJ found Plaintiff capable of performing past relevant work as membership solicitor, receptionist, and auto parts counter person. AR 27–28.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Although the ALJ found Plaintiff capable of performing the past relevant work identified above, with the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a routing clerk, production assembler, and electrical accessory assembler. AR 28–29.

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical evidence, (2) improperly evaluating Plaintiff's testimony, and (3) improperly assessing Plaintiff's RFC and by basing her step-four and step-five findings on her erroneous RFC assessment. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and

ORDER
PAGE - 4

1   consistency factors.[4] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The regulations require an

2   ALJ to specifically account for the legitimate factors of supportability and consistency in

3   addressing the persuasiveness of a medical opinion. The "more relevant the objective medical

4   evidence and supporting explanations presented" and the "more consistent" with evidence from

5   other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–

6   (2), 416.920c(c)(1)–(2).

7          Further, the Court must continue to consider whether the ALJ's analysis is supported by

8   substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

9   Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also*

10  *Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021)

11  (applying the substantial evidence standard under the 2017 regulations). With these regulations

12  and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

13         A.  Dr. Mark Hawley, Ph.D.

14         Dr. Hawley, a consultative examiner, examined Plaintiff on November 16, 2017. AR 474.

15  Dr. Hawley assessed Plaintiff as mildly impaired in the areas of ability to reason and social

16  interaction, and moderately impaired in the areas of understanding and memory, sustained

17  concentration and persistence, and general adaptation. AR 477. Dr. Hawley opined that Plaintiff's

18  "cognitive function may improve if her affect and symptoms are treated, but motivational factors

19  may complicate future improvement." AR 476. He further opined that Plaintiff's cognitive

20  impairment is inconsistent with her former employment requiring computer, multi-line telephone,

21  and social interactive skills, and that he "agree[s] with court records that suggest that her

22

23

---

[4] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

psychiatric symptoms may not contribute significantly to her functional impairment." AR 476.

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found Dr. Hawley's opinion partially persuasive, finding that the doctor's opinion was "somewhat internally inconsistent as he states that he agrees with the court records that the claimant's psychiatric symptoms may not contribute significantly to her functional impairment, then goes on to assess moderate impairments." AR 21.

Plaintiff argues that the ALJ erred by rejecting Dr. Hawley's assessment of moderate limitations in understanding and memory, sustained concentration and persistence, and general adaptation. Dkt. 27, at 3. Plaintiff asserts that the ALJ fails to identify a meaningful inconsistency to reject Dr. Hawley's opinion because the "court records" referred to by Dr. Hawley were not identified and, if the "court records" referred to the prior ALJ decision, providing the prior decision to Dr. Hawley was arguably improper. *Id.* The ALJ may consider whether there are inconsistencies within a medical opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province."); *see also* 20 C.F.R. §§ 404.1520c(c), 416.920c(c) (under the supportability factor, the ALJ considers how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)" in determining that opinion's persuasiveness). Here, the ALJ found that Dr. Hawley's opinion that Plaintiff's "psychiatric symptoms may not contribute significantly to her functional impairment" was inconsistent with the doctor's assessment of moderate limitations. AR 21. That Dr. Hawley did not clearly identify which documents he reviewed does not deprive the ALJ's finding of substantial evidence—indeed, the

1   ALJ found an inconsistency between Dr. Hawley's stated opinion and his assessed limitations, and

2   the inconsistency was not found based on the documents reviewed by Dr. Hawley. Therefore, the

3   ALJ properly evaluated Dr. Hawley's opinion under the regulatory factors, and the ALJ's

4   reasoning is supported by substantial evidence.

5         Plaintiff further argues that providing the prior ALJ decision to Dr. Hawley, if the agency

6   did indeed do so, did not comply with 20 C.F.R. § 404.1517, which provides that the agency "will

7   also give the examiner necessary background information about your condition."[5] Dkt. 27, at 4.

8   Plaintiff asserts that the prior ALJ decision was not "necessary background information" about

9   Plaintiff's condition. Dkt. 32, at 5. The Court may review an agency's failure to comply with its

10  own regulations for legal error applying a clearly erroneous. *See Molina v. Astrue*, 674 F.3d 1104,

11  1110 (9th Cir. 2012), *superseded by regulation on other grounds*; *Pac. Gas & Elec. Co. v.*

12  *F.E.R.C.*, 464 F.3d 861, 868 (9th Cir. 2006) ("[I]t is well established that an agency's interpretation

13  of the intended effect of its own orders is controlling unless clearly erroneous." (internal quotation

14  marks and citation omitted)). Agency policy directs the agency to "send the [consultative

15  examiner] longitudinal information relevant to the reason for the examination requested." Program

16  Operations   Manual   System   (POMS)   DI   22510.017(B),   available   at

17  https://secure.ssa.gov/poms.nsf/lnx/0422510017 (last visited 10/29/2021). Here, the agency

18  provided Dr. Hawley with record documents, which may have included the prior ALJ decision.

19  AR 474; Dkt. 28, at 10. Accordingly, even if the documents provided to Dr. Hawley included the

20  prior ALJ decision, Plaintiff has not shown that the agency was clearly erroneous by interpreting

21

22  [5] Plaintiff also argues that providing the prior ALJ decision to the consultative examiner "appears to be a subtle attempt at witness tampering which violated [Plaintiff's] constitutional right to due process." Dkt. 27, at 4. Plaintiff has not provided the Court with actual evidence of witness tampering. Therefore, Plaintiff's contentions fail for lack of support in the record. *See also Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity).

23

its own regulations as permitting it to provide these record documents to Dr. Hawley.

Even if the ALJ erred when providing the record documents to Dr. Hawley, this error would be harmless. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error where a "mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion"). Plaintiff has not shown that the agency's decision to provide certain record documents to Dr. Hawley caused prejudice to Plaintiff. Indeed, Plaintiff argues that Dr. Hawley's assessed limitations support a finding that Plaintiff is unable to perform her past relevant work and argues the ALJ erred by rejecting the doctor's opinion. Dkt. 27, at 4. Accordingly, even if the agency erred when providing the record documents to Dr. Hawley, this error would be harmless because Plaintiff has not shown that this error was prejudicial to Plaintiff.

B.  Other Medical Evidence

Plaintiff identifies various medical evidence, including treatment records from Plaintiff's treating physicians, and asserts that "all of these physicians described clinical observation which support [Plaintiff's] testimony about her symptoms and limitations, and which contradict the ALJ's residual functional capacity assessment." Dkt. 27, at 4–9. In reviewing a disability claim, the ALJ considers the medical opinions and prior administrative medical findings and "articulate[s] in [her] determination or decision how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). It is the ALJ's responsibility to resolve conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, Plaintiff does not assign specific error to the ALJ's consideration of the evidence, nor does Plaintiff identify any conflicts in the record that the ALJ failed to resolve. The evidence cited by Plaintiff, therefore, does not show

ORDER
PAGE - 8

error in the ALJ's consideration of the medical evidence in the record. *Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity); *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim. . . .").

Plaintiff further acknowledges that "none of these physicians stated a specific opinion regarding [Plaintiff's] functional limitations." Dkt. 27, at 4. The ALJ does not need to provide clear and convincing reasons for rejecting a medical opinion that does not identify any specific limitations or conflict with the ALJ's RFC determination. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (reasoning that "the ALJ is not required to discuss evidence that is neither significant nor probative"). Therefore, Plaintiff has not shown that the ALJ erred in evaluating this evidence.

C. Non-Examining Physician Opinions

Plaintiff argues that the ALJ erred by finding the opinions of state agency consultants Dr. Charles Wolfe, M.D., Dr. Michael Brown, Ph.D., and Dr. Kent Reade, Ph.D. persuasive and the opinion of Dr. Howard Platter, M.D., partially persuasive. Dkt. 27, at 10. Plaintiff argues that the ALJ erred because Dr. Wolfe did not review evidence after December 2017 and Drs. Platter, Brown, and Reade did not review evidence after April 2, 2018. *Id*.

Under the Social Security regulations, "[a]lthough adjudicators . . . are not required to adopt prior administrative medical findings when issuing decisions, adjudicators must consider them and articulate how they considered them in the decision." SSR 17-2p. Additionally, "because state agency review precedes ALJ review, there is always some time lapse between the consultant's

ORDER
PAGE - 9

report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." *Chandler v. Comm'r of Social Sec.*, 667 F.3d 356, 361 (3rd Cir. 2011). Therefore, the Court finds that the ALJ properly considered the opinions of the state agency consultants under the regulatory factors.

Plaintiff further argues that the ALJ erred because Drs. Brown and Reade's opinions that Plaintiff has no severe mental impairment is contrary to the preponderance of evidence. Dkt. 27, at 10. The ALJ, however, found Drs. Brown and Reade's determination that Plaintiff's depression is non-severe to be "persuasive due to its consistency with [Plaintiff's] demonstrated functioning and the longitudinal record, which shows some mental health treatment with medication, and some abnormalities observed during a consultative examination." AR 21. The ALJ further found that "physical examination reports throughout the record generally document normal observations." *Id.* Plaintiff offers an alternative interpretation of the medical evidence; however, the ALJ's interpretation is at least equally rational and not properly disturbed. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Therefore, the ALJ did not err in evaluating the opinions of Drs. Brown and Reade.

## 2. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[6] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what

---

[6] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff testified that she experiences pain in her knees, back, neck, and hips, and that her knee pain makes it difficult for her to sit for long periods, to transition between standing and sitting, or to bend or stoop and that she cannot walk for more than five minutes before needing to rest. AR 76–77, 82–83, 90–91. Plaintiff further testified that she experiences numbness in her fingers and hand, has difficulty concentrating and remembering due to her depression, and needs assistance caring for herself. AR 85, 91–93. Plaintiff also alleged that her symptoms from fibromyalgia make it difficult for her to walk, sit, stand, lift, or use her hands and that she gets migraines two or three times a week AR 87, 316. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 25.

Plaintiff argues that the ALJ improperly discounted Plaintiff's testimony based on inconsistencies with the medical evidence. Dkt. 27, at 11–12. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's

pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); SSR 16-3p. Here, the ALJ found that physical examination reports document at times cervical and knee tenderness, some limited neck range of motion, and slight left lower extremity swelling; however, the ALJ also found that the reports reflect findings that "include a supple neck, preserved range of motion, normal shoulder range of motion, full knee range of motion, general full range of motion, normal strength, no sensory deficit, 2+ reflexes, and normal gait." AR 25. Although the ALJ noted medical findings showing a full range of motion in Plaintiff's neck and knees, the same records detail Plaintiff's complaints of pain in her neck and knees and at times the records note increased pain with flexion. AR 398, 423, 514–15, 544–45, 554. When assessing the reliability of a claimant's disability allegations, an ALJ considers the extent to which such allegations are consistent with the objective evidence and other evidence in the record. 20 C.F.R. §§ 404.1529(c), 416.929(c). Here, Plaintiff's allegations of pain in her neck and knees are not clearly inconsistent with the objective evidence. Therefore, the ALJ did not provide clear or convincing evidence for discounting Plaintiff's pain testimony based on inconsistencies with the medical record.

Plaintiff also argues that the ALJ improperly discounted Plaintiff's testimony based on prior inconsistent statements and treatment history. The ALJ found that "although the claimant has a history of knee replacements and right CTS release, treatment for her severe medically determinable impairments has been generally conservative with medication" and that Plaintiff "has not always been a consistent historian and has not always followed up on treatment recommendations." AR 26. The ALJ cites to no evidence showing inconsistencies between the medical evidence and Plaintiff's statements relating to Plaintiff's knees or generally conservative treatment with medication for her knee impairment. Rather, consistent with Plaintiff's testimony, Plaintiff reported to her providers that she experiences constant knee pain and medication has not

been effective for treating Plaintiff's knee pain. AR 81, 411, 430, 434. Regarding Plaintiff's carpal tunnel syndrome, the ALJ found that Plaintiff inconsistently reported her treatment history in February and March 2018 medical visits by stating that she had no history of treatment for her carpal tunnel complaints (AR 26); however, in both visits, Plaintiff discussed options for treatment with the medical providers yet had not yet received operative treatment. AR 489, 532. Plaintiff's statements at both visits were not clearly inconsistent. Further, Plaintiff followed up on recommended treatment and received carpal tunnel release surgery in April 2018. AR 358. Therefore, the ALJ did not provide clear and convincing reasons for discounting Plaintiff's testimony regarding her knee and carpal tunnel pain on grounds that Plaintiff provided inconsistent statements, failed to follow through with treatment, or received only conservative treatment for her impairments.

Regarding Plaintiff's fibromyalgia diagnosis, the ALJ found that Plaintiff's fibromyalgia "has generally been conservative, with her rheumatologist recommending modalities such as acupuncture, physical therapy, and exercise" and that Plaintiff reported being unable to exercise due to her fibromyalgia despite exercise being a recommended treatment. AR 26. Plaintiff argues that the ALJ failed to acknowledge "that there is no treatment for fibromyalgia that is not conservative." Dkt. 27, at 12. However, the Ninth Circuit Court of Appeals has rejected a finding of conservative treatment for fibromyalgia where the claimant received treatment such as injections and a variety of medications. *See Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017); *but see Rollins*, 264 F.3d at 856 (finding a recommendation to "avoid strenuous activities" to be a conservative treatment for fibromyalgia). The ALJ thus reasonably discounted Plaintiff's testimony regarding debilitating symptoms from her fibromyalgia based on conservative treatment.

Finally, Plaintiff argues that the ALJ failed to account for limitations that are related to Plaintiff's depression and anxiety. Dkt. 27, at 11. The ALJ found that Plaintiff's limitations and restrictions from her depression "result primarily from her physical, as opposed to mental, impairments," that Plaintiff "has received minimal conservative treatment for her depression through medication," that "[p]rogress notes indicate her depression was stable on medications," and that her "[p]hysical examination reports throughout the record otherwise document normal mental observations including pleasant and cooperative behavior, no acute distress, and normal mood and affect." AR 20–21. The ALJ may discount a Plaintiff's testimony based on inconsistency with the medical evidence, *Carmickle*, 533 F.3d at 1161, and evidence of adequate treatment, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ thus provided clear and convincing reasons for discounting Plaintiff's testimony regarding debilitating symptoms from her mental health impairments.

For these reasons, the ALJ did not provide clear or convincing reasons for discounting Plaintiff's testimony regarding debilitating symptoms from her cervical spine, knee, and carpal tunnel syndrome impairments. This error was harmful because it resulted in an RFC assessment that did not account for all of Plaintiff's functional limitations. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (an RFC must include all the claimant's functional limitations supported by the record). Because the ALJ erred in discounting Plaintiff's testimony regarding symptoms from her cervical spine, knee and carpal tunnel syndrome, on remand, the ALJ should also reconsider Plaintiff's testimony regarding symptoms from her fibromyalgia and mental health impairments in the context of Plaintiff's entire symptom testimony.

**3. RFC**

At step four, the ALJ must identify the claimant's functional limitations or restrictions and

assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 404.1545; SSR 96-8p. The RFC is the most a claimant can do considering her limitations or restrictions, and the ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. § 404.1545(e); SSR 96-8p. Plaintiff argues that the ALJ erred by failing to include limitations assessed by Dr. Hawley and other limitations consistent with the findings of Plaintiff's treating physicians.

As described above, the ALJ did not err in evaluating the opinion of Dr. Hawley, and Plaintiff failed to identify specific functional limitations assessed by Plaintiff's treating physicians. Limitations from properly discounted evidence does not need to be included in the RFC or the VE hypothetical. *See Valentine*, 574 F.3d at 691–92; *Bayliss*, 427 F.3d at 1217–18. However, as described above, the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony regarding debilitating pain from her cervical spine, knee, and carpal tunnel impairments. Therefore, the ALJ erred in assessing the RFC because it did not account for all of Plaintiff's functional limitations.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 2nd day of November, 2021.


MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 15